UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
HISCOX INSURANCE COMPANY, INC.,

                          Plaintiffs,

Case No.:

- against –

HUDSON EXCESS INSURANCE COMPANY
------------------------------------------------------------------x

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Hiscox Insurance Company, Inc. ("Hiscox"), by their attorneys, Goldberg Segalla, LLP, for their compliant in this action, allege as follows:

### Nature of the Action

1. This is an insurance coverage action, wherein Plaintiff Hiscox seeks declaratory relief, pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure, against Defendant Hudson Excess Insurance Company ("Hudson") relaying to insurance coverage for Gotham Drywall, Inc. ("Gotham"), 9th Avenue Delaware Owner LLC ("9th Avenue"), Restoration Hardware, Inc. ("RH"), and Steadfast Development and Construction, Inc. ("Steadfast"), regarding an underlying personal injury lawsuit captioned, *Daniel Sanchez v. 9th Avenue Delaware Owner LLC, et al.*, Supreme Court of the State of New York, Bronx County, Index No. 20975/18E (the "Underlying Suit"). A copy of the pleadings in the Underlying Suit are annexed as **Exhibit A.**

2. Hiscox seeks a declaratory judgment declaring, *inter alia*: that Hudson must provide insurance coverage to Gotham, 9th Avenue, RH and Steadfast on a primary, non-contributory basis in the Underlying Suit under a general liability policy issued by Hudson to its insured, Valley Finish, Inc. ("Valley Finish") and that Hudson must reimburse Hiscox for defense fees, costs and disbursements incurred by Hiscox in defending Gotham, 9th Avenue, RH and Steadfast in the Underlying Suit.

**Parties**

3. That at all times hereinafter mentioned, Plaintiff, Hiscox is an Illinois domiciled insurer with its principal place of business located at 104 South Michigan Avenue, Suite 600, Chicago, Illinois 60603.

4. That at all times hereinafter mentioned, Hudson is an insurance company authorized and existing under the laws of Delaware with its principal place of business in New York.

**Jurisdiction and Venue**

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between plaintiff and defendants and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. Venue is proper pursuant to 28 U.S.C. §1391 because Hudson's principal place of business is in this judicial district and a substantial part of the events giving rise to this action occurred in this judicial district.

7. An actual controversy within the meaning of 28 U.S.C. §2201 exists among the parties regarding the coverage provided under a policy of insurance.

**Factual Background**

8. Daniel Sanchez commenced the Underlying Suit against 9th Avenue, RH, and Steadfast to recover damages caused by all the alleged negligence of the plaintiffs herein. Exhibit "A." The Underlying Suit alleges that the plaintiff therein was injured on March 28, 2017 in the scope of his employment. Exhibit "A."

9. On or about August 21, 2018, 9th Avenue, RH and Steadfast commenced a third-party action against Gotham Drywall. Inc. ("Gotham") and VF. Exhibit "A." The third-party complaint asserted allegations of negligence, common-law contribution and indemnification and contractual contribution and indemnification. Exhibit "A."

10. On or about December 21, 2020, 9th Avenue, RH and Steadfast commenced a declaratory judgment action against Hiscox and Gotham ("DJ Action"). A copy of the DJ Action is annexed hereto as Exhibit "B."

11. On or about August 21, 2020, Gotham commenced a second third-party action against Valley Finish. Exhibit "A." These third-party lawsuits are hereinafter referred to as the Related Third-Party Lawsuits.

12. Pursuant to a contract between Gotham and Steadfast for work to be performed at 9-19 Ninth Avenue, New York, New York 10014, Gotham was required to provide additional insured coverage to Steadfast, the "owner", and the landlord and their agents.

13. That at the time of Daniel Sanchez's alleged accident, Valley Finish was performing work on behalf of Gotham at 9-19 Ninth Avenue, New York, New York 10014 pursuant to a contract between Gotham and Valley Finish.

14. Valley Finish was a subcontractor of Gotham at the time of the alleged accident involving Daniel Sanchez.

15. At the time of the alleged accident, Daniel Sanchez has alleged that on March 28, 2017, while an employee and working for Valley Finish as a drywall taper, he was caused to fall from a baker's scaffold and purportedly suffered serious personal injuries while working at a jobsite located at 9-19 9th Avenue, New York City (the "Project"). Exhibit "A."

16. Steadfast entered into a contract to act as general contractor for the Project. 9th Avenue is the fee owner of 9-19 9th Avenue and RH is the tenant at the location.

17. Steadfast entered into a subcontract with Gotham, whereby Gotham agreed to perform, among other things, drywall and taping work at the Project. The subcontract provided that Gotham "shall indemnify, defend (at Subcontractor's sole expense) and hold harmless the Owner and landlord of the Premises and the Contractor from and against any and all claims….arising out of or in connection with the Work performed…or services provided under

this Agreement by Subcontractor or its agents." Gotham also agreed to obtain insurance that "shall be issued in the names of and for the benefit of the Owner and landlord of the Premises, and the Contractor…" The insurance "shall contain an endorsement that names the Owner, landlord and Contractor for any loss or damages…by reason of the negligence or tortious acts of Subcontractor…" The subcontract states that Gotham will procure coverage and Gotham "or any other party is or may be named as an insured; and shall be primary and non-contributory." It was also agreed that RH would also be named as an additional insured. A copy of the subcontract is attached as Exhibit "C."

18. On February 3, 2017, Gotham and Valley Finish entered into a general contract whereby Valley Finish agreed to perform work for Gotham for various projects (the "Subcontract", a copy of which is attached as Exhibit "D"). It was agreed that "this Agreement establishes terms and conditions for performance of work by [Valley Finish] pursuant to project-specific work orders that may be executed by the Parties…" It was also agreed that the Purchase Orders "Shall consist of…this Master Agreement…the contract between [Gotham] and General Contractor…[Valley Finish]'s Original Insurance Certificate…." Exhibit "D."

19. Under Section 4, INDEMNIFICATION of the Subcontract, it was agreed, "[t]o the fullest extent permitted by law, [Valley Finish] shall indemnify and hold harmless [Gotham], General Contractor, Owner and their directors, officers, partners, members, employees, agents and representatives from and against all claims, damages…is caused in whole or in part by any act or omission of [Valley Finish], any sub-subcontractor, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable…." Exhibit "D."

20. Under Section 5., INSURANCE, it was agreed [Valley Finish] shall purchase and maintain the insurance with the coverage limits as specified in Exhibit B annexed hereto, and shall keep same in full force and effect during the performance of the Work." Exhibit B provides that Valley Finish shall procure Commercial General Liability insurance "written on an

occurrence form with limits of $1,000,000 combined single limit each occurrence and $2,000,000 for the aggregate for all occurrences within each policy year…and Excess (umbrella Liability with limits of $5,000,000 each occurrence…" It was agreed that the insurances would contained an endorsement naming as Additional Insureds, "the Owner, [Gotham] and their respective partners, members, directors, officers, employees, agents and representatives." Finally, it was agreed that Valley Finish's insurance would be "primary to any insurance which [Gotham] or any other Additional Insured may have. Exhibit "D."

21. The Purchase Order for this Project between Gotham and Valley Finish states "[I]nsurance certificates are required as per [Gotham], Owner, General Contractor and Project Requirements." It also was agreed that [Valley Finish] "shall be bound by the same terms and conditions of [Gotham's] contract with the owner." A copy of the Purchase Order is also attached as Exhibit "E."

22. The DJ Action has now been resolved and Hiscox has agreed, pursuant to the contract between Steadfast and Gotham, to provide a defense and indemnity to 9th Avenue, RH and Steadfast as additional insureds as primary and non-contributory.

23. On or about August 5, 2021, Hiscox tendered the defense and requested that Valley Finish and Hudson immediately defend, indemnify and hold harmless Gotham, 9th Avenue, RH and Steadfast for the Sanchez Action and related third-party action (the "Tender"). A copy of the tender is attached as Exhibit "F."

24. On or about October 22, 2021, Hudson responded via email and stated "Hudson will accept tender and defend and indemnify Valley Finish Inc on a primary noncontributory basis without reservation under our Gotham Drywall Policy HXMP 100608 eff dates 8/1/16/-8/1/17." A copy of the email is attached as Exhibit "G." While Hiscox presumed Hudson agreed to accept the tender and defend Gotham, it sought clarification as the Tender was on behalf of

Gotham, 9th Avenue, RH and Steadfast. A copy of the email communication is attached as Exhibit "H." To date, Hudson has not provided a clarification or response to the Tender.

25. Upon information and belief, Hudson issued Policy No. XXMP100608 to Valley Finish for the relevant time period.

26. To date, it appears Hudson has acknowledged its obligations as to Gotham.

27. To date, Hudson has not acknowledged its obligations as to 9th Avenue, RH or Steadfast not has it clarified its position on the Tender.

28. The alleged injuries sustained by Daniel Sanchez on March 28, 2017 arose out of the work performed by Hudson's named insured, Valley Finish or those hired by Valley Finish to perform work at the Project.

29. The alleged injuries sustained by Daniel Sanchez arose out of the acts or omissions of Hudson's named insured.

## AS AND FOR A FIRST CAUSE OF ACTION AS AGAINST HISCOX INSURANCE COMPANY. INC.

30. Plaintiff repeats, and reiterates each and every allegation contained in paragraphs "1" through "29" as though more fully set forth herein.

31. That the claims of Daniel Sanchez trigger an immediate duty for Hudson to defend and indemnify Gotham, 9th Avenue, RH and Steadfast.

32. That the allegations set forth in the Sanchez Action and related Third-Party Actions trigger coverage benefitting Gotham, 9th Avenue, RH and Steadfast under the additional insured provisions of the Hudson policy.

33. Plaintiff herein continues to incur defense costs in the Sanchez Action and Related Third-Party Actions as a result of Hudson's refusal to acknowledge additional insured coverage to Gotham, 9th Avenue, RH, and Steadfast.

34. The Hudson policy was in full force and effect on March 28, 2017.

35. The Hudson policy applies to each and every claim set forth in the Sanchez Action and Related Third-Party Actions.

36. Hudson has breached its contractual obligations to provide defense and indemnification to Gotham, 9th Avenue, RH and Steadfast as additional insureds to the Hudson policy.

37. Hudson has breached its contractual obligations to provide defense and indemnification to Gotham, 9th Avenue, RH and Steadfast as indemnitees to the Hudson policy.

38. Hudson has failed to comply with New York State Insurance Law as to those requirements for a valid disclaimer of coverage.

39. Hudson has waived all exclusions to its policy as a result of its failure to comply with New York State Insurance Law.

40. As a result of Hudson's wrongful refusal to acknowledge additional insured coverage, Plaintiff has been damaged by having to pay for attorneys' fees and expenses in the defense of the Sanchez Action and Related Third-Party Actions.

41. In the event of any verdict, settlement or judgment in favor of Daniel Sanchez as against Gotham, 9th Avenue, RH and Steadfast, those damages are directly attributable to the wrongful refusal of Hudson to acknowledge additional insured coverage benefitting Gotham, 9th Avenue, RH and Steadfast.

42. Hudson owes a duty to reimburse Plaintiff for all defense fees incurred by Plaintiff herein in the defense of the Sanchez Action and Related Third-Party Actions.

43. Hudson is liable to Plaintiff herein for any consequential damages as a result of its wrongful refusal to assume the defense of Gotham, 9th Avenue, RH and Steadfast in the Sanchez Action and Related Third-Party Actions.

44. Plaintiff has suffered and will continue to suffer damages, harm or prejudice by virtue of the failure of Hudson to fulfill its obligations to provide insurance coverages to Gotham, 9th Avenue, RH and Steadfast in the Sanchez Action and Related Third-Party Actions.

45. By reason of the foregoing, Plaintiff is entitled to a declaration that Hudson was and still is obligated to defend and indemnify Gotham, 9th Avenue, RH and Steadfast plaintiffs in the Sanchez Action and Related Third-Party Actions.

46. Plaintiff has no adequate remedy at law.

**WHEREFORE,** Plaintiff herein respectfully demands Judgment against Defendants as follows:

a. That this Court enter a declaratory judgment in plaintiffs' favor against Hudson declaring that Hudson is obligated to defend and indemnify Gotham, 9th Avenue, RH and Steadfast in connection with the Sanchez Action and Related Third-Party Actions.;

b. That this Court determine that Hudson is obligated to reimburse Plaintiffs herein for past incurred defense costs and fees in connection with the Underlying Action and Related Third-Party Actions;

c. For a declaration that Gotham, 9th Avenue, RH and Steadfast are additional insureds on the policy issued by Hudson to Valley Finish with respect to the alleged claims in the Underlying Action and Related Third-Party Actions;

d. For a declaration that Gotham, 9th Avenue, RH and Steadfast are indemnitees to the policy of insurance issued by Hudson to Valley Finish with respect to the claims in the Underlying Action and Related Third-Party Actions;

e. For consequential damages and that defendants herein reimburse plaintiffs herein for the fees and expenses incurred in connection with the instant action;

f. For pre and post judgment interest, attorney fees and costs against all Defendants; and;

      g.  For such other and further relief as this Court deems just, fair and equitable.

### Jury Demand

Plaintiff Hiscox demands a trial by jury of all issues so triable in this cause.

Dated: New York, New York
      November 17, 2022

Respectfully Submitted,

_____
Joseph A. Oliva, Esq.
*Attorneys for Plaintiff*
Goldberg Segalla LLP
711 3rd Avenue, Suite 1900
New York, New York 10017
T: 646) 292-8700 / F: (646) 292-8701
GS File No.: 7854.0040

**CERTIFICATE OF SERVICE**

I, Joseph A. Oliva, attorney for plaintiff Hiscox Insurance Company, Inc., do hereby certify that on this 17th day of November, 2022, a copy of the foregoing COMPLAINT FOR DECLARATORY JUDGMENT (with exhibit(s)), has been served via filing through the USDC SDNY CM/ECF site via electronic transmission to the email address(es) designated by said attorney(s) for that purpose via CM/ECF, within the State of New York upon the following:

        HUDSON EXCESS INSURANCE COMPANY
        100 William Street, 5th Floor
        New York, New York 10038

        _____
        Joseph A. Oliva, Esq.